IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| NATIONAL LABOR RELATIONS BOARD, | ) | | |
|---|---|---|---|
| | ) | | |
| Applicant, | ) | | |
| | ) | | |
| v. | ) | No. | 15 C 9427 |
| | ) | | 15 C 9444 |
| NORNAT, INC., RMC ENTERPRISES, | ) | | 15 C 9502 |
| LLC, RMC LOOP ENTERPRISES, | ) | | 15 C 9517 |
| LLC, WRIGHT MANAGEMENT INC., | ) | | 15 C 9567 |
| and LOFTON & LOFTON | ) | | |
| MANAGEMENT V, INC., | ) | | |
| | ) | | |
| Respondents. | ) | | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the National Labor Relations Board's (NLRB) application for an order requiring obedience to a subpoena *duces tecum*. For the reasons stated below, the application is granted in its entirety.

## BACKGROUND

Beginning in November 2012, various organizations (Charging Parties) filed unfair labor practice charges (Charges) against McDonald's USA, LLC (McDonald's) and certain McDonald's franchises (Franchises). Respondents are some of the Franchises that were named in the Charges. After an investigation by

1

the NLRB, the NLRB issued complaints against McDonald's and the Franchises. The complaints filed against the Franchises were then consolidated in proceedings (Administrative Proceedings) before an administrative law judge (ALJ). As part of the Administrative Proceedings, the NLRB served Respondents with identical subpoenas *duces tecum* (Subpoenas) in the Administrative Proceedings pursuant to 29 U.S.C. § 161(1) (Section 161(1)) of the National Labor Relations Act (NLRA). The Subpoenas seek information in a 68-paragraph attachment that seeks categories of details such as information relating to: (1) the relationship between the Franchises and McDonald's, (2) the Franchises' hiring processes and policies, (3) the Franchises' training policies, (4) the Franchises' employee handbooks, manuals, and other rules and polices, (5), the wages, benefits, promotions, transfers, and assignment of the Franchises' employees, (6) the scheduling, staffing, work assignments, and work hours of the Franchises' employees, (7) the methods used by McDonald's to review the Franchises' locations, and (8) the activities by McDonald's and the Franchises in response to the campaigns conducted by the Charging Parties. In the Administrative Proceedings, Respondents filed petitions to revoke the Subpoenas, and on March 19, 2015, the ALJ issued an order, denying the petitions, and finding that the Subpoenas sought relevant information and were not overly burdensome. Respondents have allegedly failed to comply with the Subpoenas, and the NLRB initiated the instant action pursuant to 29 U.S.C. § 161(2) (Section 161(2)) of the NLRA seeking an enforcement of all paragraphs of the Subpoenas except for Paragraphs 31 and 32. (Reply 8 n.24).

## LEGAL STANDARD

Section 161(1) provides in part that the NLRB shall have authority to issue "subpenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceedings or investigation requested in such application." 29 U.S.C. § 161(1). Section 161(2) provides the following:

> (2) Court aid in compelling production of evidence and attendance of witnesses
> In case of contumacy or refusal to obey a subpena issued to any person, any district court of the United States or the United States courts of any Territory or possession, within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered, or there to give testimony touching the matter under investigation or in question; and any failure to obey such order of the court may be punished by said court as a contempt thereof.

29 U.S.C. § 161(2); *N.L.R.B. v. Marano*, 996 F. Supp. 2d 720, 722 (E.D. Wis. 2014)(stating that "[u]nder the National Labor Relations Act, the Board has the authority to issue subpoenas in aid of an investigation, but lacks the power to enforce those subpoenas").

Generally, a court should "enforce an administrative subpoena if it seeks reasonably relevant information, is not too indefinite, and relates to an investigation within the agency's authority." *E.E.O.C. v. Quad/Graphics, Inc.*, 63 F.3d 642, 644-45 (7th Cir. 1995). A subpoena should not be enforced if the demand for information was "made for an illegitimate purpose," or is "excessively burdensome," such that "compliance would threaten the normal operation of a respondent's

3

business." *Id.*; *see also Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 233 F.3d 981, 986 (7th Cir. 2000)(stating that "[a]s a general rule, courts enforce an administrative subpoena if: (1) it reasonably relates to an investigation within the agency's authority, (2) the specific inquiry is relevant to that purpose and is not too indefinite, (3) the proper administrative procedures have been followed, and (4) the subpoena does not demand information for an illegitimate purpose"); *N. L. R. B. v. Williams*, 396 F.2d 247, 249 (7th Cir. 1968)(stating that "[d]uly issued subpoenas are to be enforced if the agency is seeking information not plainly incompetent or irrelevant to any lawful purpose")(internal quotations omitted)(quoting *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 63 (1943)). The district court's role in a subpoena enforcement proceeding is "sharply limited" and "[s]uch proceedings are designed to be summary in nature." *E.E.O.C. v. Tempel Steel Co.*, 814 F.2d 482, 485 (7th Cir. 1987); *see also Commodity Trend Serv., Inc.*, 233 F.3d at 986 (stating that "[a] court exercises only limited review of an agency's actions in a subpoena enforcement proceeding and does not normally consider the merits of a party's claim that it has not violated a statute administered by the agency").

**DISCUSSION**

Respondents argue that the information sought in the Subpoenas is not reasonably relevant, that enforcement of the Subpoenas is premature, and that the Subpoenas impose an unreasonable and undue burden on Respondents. NLRB

contends that Respondents' objections are meritless and points to a subpoena enforcement proceeding in a New York district court in which the court rejected similar objections by certain Franchises, and enforced the Subpoenas. *N.L.R.B. v. AJD, Inc.*, 2015 WL 7018351 (S.D.N.Y. 2015).

I.  Definite Terms and Relation to Investigation Within Authority

Respondents do not dispute that the information sought in the Subpoenas is sufficiently definite or that the information relates to an investigation within the NLRB's authority.  The NLRB has shown that information sought in the Subpoenas is sufficiently delineated in the Subpoenas, limiting the scope of the information sought, and limiting the period in question to a three-year period from January 1, 2012, through December 31, 2014.  The NLRB has also shown that the information relates to the investigation of charges of labor violations such as that the Franchises obstructed union-related activities.  That type of investigation is directly within the NLRB's statutory authority relating to the prevention of unfair labor practices.  29 U.S.C. § 160.  The NLRB has also shown that the allegations that McDonald's is the joint employer of Respondents' employees are directly relevant to the NLRB's investigation.

II.  Characterization of Subpoenas

The record reflects that Respondents have argued that the Subpoenas are investigative subpoenas.  NLRB contends that the Subpoenas are instead trial

5

subpoenas, which were due at the start of the proceedings before the ALJ on March 30, 2015. Although Section 161(1) does not make any distinction between investigative subpoenas and trial subpoenas, Respondents have contended that the subpoenas are investigative subpoenas and should have been issued before the issuance of the consolidated complaint. Respondents also point out in the instant action that the NLRB did not issue any subpoenas to Respondents during the investigation by the NLRB prior to the consolidated complaint. (R Resp. 5). The ALJ agreed with the NLRB that the Subpoenas are not investigative subpoenas. (3/19/15 OR: 3). This court likewise agrees that the Subpoenas are not properly characterized as investigative subpoenas. Respondents have not pointed to any law that would prohibit the NLRB from pursuing the Subpoenas in the manner in which they were issued.

III.  Relevancy of Information

Respondents contend that the information sought in the Subpoenas was not reasonably relevant to the allegations of an unlawful labor practice or to the allegations of a joint employer status. Respondents also contend that enforcement of the Subpoenas is premature.

A.  Unlawful Labor Practice

Respondents argue that the Subpoenas seek extensive information that is not related to the allegations of an unlawful labor practice. Respondents contend that the

6

NLRB has improperly given the same requests to Respondents even though there will need to be an individualized inquiry of the Respondents. (R Resp. 2). Respondents further argue that the adjudication of the unfair labor practices allegations will mainly involve credibility determinations and the Subpoenas seek information not relating to such credibility determinations.

The NLRB acknowledges that the information being sought from each of Respondents is identical, but points out that the parties are different and their responses will likely be different. Thus, the information sought will not necessarily be redundant and could include relevant information. The NLRB also indicates that to the extent that Respondents contend that the same requests should not have been sent to all Franchises, the NLRB indicates that it is willing to accept stipulations from Respondents to enable Respondents to avoid irrelevant and redundant responses.

Respondents also contend that the Subpoenas seek information of such a magnitude that the NLRB is improperly using its subpoena power to engage in pretrial discovery. (R Resp. 4 n.3, 13-14). There has been no showing that the NLRB in issuing the Subpoenas acted outside of the statutory authority provided to the NLRB in the NLRA. 29 U.S.C. § 161(a)(authorizing agency issuance of subpoenas). The NLRB has properly sought information in the Subpoenas relating to the investigation and Charges. The fact that a significant amount of information is relevant to that investigation is not the fault of the NLRB. Respondents' subjective belief that the requested production is similar to discovery is not a legitimate basis to

7

excuse compliance with the Subpoenas.

### B. Joint Employer Status

Respondents argue that the information sought in the Subpoenas is well beyond what would be relevant for a joint employer status determination. The NLRB alleges that McDonald's has been a joint employer of Respondents' employees. Entities are considered to be "joint employers of a single work force if they share or co-determine those matters governing the essential terms and conditions of employment," and "[t]he relevant facts involved in this determination extend to nearly every aspect of employees' terms and conditions of employment and must be given weight commensurate with their significance to employees' work life." *In Re Aldworth Co., Inc.*, 338 NLRB 137, 139 (2002); *see also DiMucci Const. Co. v. N.L.R.B.*, 24 F.3d 949, 952 (7th Cir. 1994)(stating that "[f]actors to consider in determining joint employer status are (1) supervision of employees' day-to-day activities; (2) authority to hire or fire employees; (3) promulgation of work rules and conditions of employment; (4) issuance of work assignments; and (5) issuance of operating instructions"); *Teamsters Local Unions Nos. 75 & 200 v. Barry Trucking, Inc.*, 176 F.3d 1004, 1008-09 (7th Cir. 1999)(stating that to show that there was a joint employer "there must be a showing that the employer meaningfully affects matters relating to the employment relationship such as hiring, firing, discipline, supervision, and direction")(internal quotations omitted)(quoting *Osco Drug v. Truck Drivers, Oil Drivers, Local Union 705*, 294 NLRB 779 (1989)).

In Paragraphs 1-7 of the Subpoenas, the NLRB is seeking information relating to the Respondents' operations and relationship with McDonald's, such as the franchise agreements, and operations and training manuals issued to the Franchises by McDonald's. Such information would relate to issues such as the authority to hire or fire employees, the promulgation of work rules and conditions of employment, and the supervision of employees' day-to-day activities. Such information could also be relevant to the allegations relating to unfair labor practices.

In Paragraphs 8-14 of the Subpoenas, the NLRB seeks information relating to the hiring of employees such as communications between the Franchises and McDonald's regarding the soliciting of employees and hiring of employees, and materials provided by McDonald's to Respondents to assist Respondents in hiring employees. Such information would relate to issues such as the authority to hire or fire employees, and control over the hiring process.

In Paragraphs 15-21 of the Subpoenas, the NLRB seeks information relating to the training of employees, such as training materials provided to Respondents by McDonald's. In Paragraphs 22-30 of the Subpoenas, the NLRB seeks information relating to employee conduct such as employee handbooks or manuals, and records of employee discipline, evaluation, and attendance. In Paragraphs 31-38 of the Subpoenas, the NLRB seeks information relating to wages and benefits such as documents showing the monthly earning and hours of non-supervisory, non-managerial employees, and communications between Respondents and McDonald's regarding promotion, wages, benefits, or reassignments. In Paragraphs 39-48 of the

9

Subpoenas, the NLRB seeks information relating to hours and assignments such as daily activity reports and communications with McDonald's regarding hours, scheduling, and assignments. The information sought in Paragraphs 15-48 of the Subpoenas would relate to the supervision of employees' day-to-day activities, the promulgation of work rules and conditions of employment, and the issuance of operating instructions. Such information would also be relevant to the allegations relating to unfair labor practices.

In Paragraphs 49-61 of the Subpoenas, the NLRB seeks information relating to the direct review and control of employees such as documents concerning reviews or visits, and communications between Respondents and McDonald's. Such information would be relevant to the ultimate control of McDonald's over the operations of Respondents and issuance of operating instructions.

In Paragraphs 62 to 68 of the Subpoenas, the NLRB seeks information relating to response to the "Fast Food Fight for $15 Campaign," such as communications to McDonald's concerning the campaign, and documents concerning no-solicitation rules. Such information could be relevant both to the joint employer issue and to the unfair labor practices issue.

Given the broad range of relevant factors for a joint employer determination, the NLRB necessarily needs to seek a broad range of information in order to properly address its joint employer allegations. It is apparent from a review of the Subpoenas that the NLRB has not asked for an excessively broad range of documents. The record does not reflect that the NLRB is seeking to hold Respondents "hostage in a

sprawling and unwieldy consolidated case," as Respondents claim. (R Resp. 3). The NLRB has attempted to limit the production request to discrete categories that are specifically relevant to the Charges.

### C. Ripeness and Mootness

Respondents argue that it is premature or moot to seek enforcement of the Subpoenas, contending that Respondents have thus far produced all of the information that has been sought by the NLRB in the Administrative Proceedings. The NLRB has shown that Respondents have in fact not produced all necessary information and that their failure to comply with the Subpoenas has caused the ALJ to postpone the hearings in the Administrative Proceedings on three separate occasions. Although Respondents may have produced some information in response to the Subpoenas and have stated that they are continuing to do so, the NLRB has shown that Respondents' lack of diligence and promptness necessitates a court action at this juncture to ensure that the Administrative Proceedings go forward in an efficient manner. The NLRB has shown that the enforcement of the Subpoenas is warranted at this juncture and is not premature or moot.

## IV. Burden on Respondents

Respondents argue that the requests in the Subpoenas place an unreasonable burden on them, contending that the time and effort needed to comply with the Subpoenas is excessive. (R Resp. 14). Respondents complain that the Subpoenas

cover a broad range of their business activities. However, as explained above, in order to properly evaluate the joint employer issue, a broad range of issues must be addressed. The NLRB properly delineated limited categories of information covering a modest period of time in order to limit the burden on Respondents. Respondents also complain that certain information may be duplicative. However, the NLRB has indicated that it has informed Respondents that appropriate stipulations as to duplicative responses could limit the need for certain production. As with any subpoena, there is a certain burden placed upon the recipient.

Respondents have also failed to establish that compliance would threaten the normal operation of Respondents' businesses. The mere fact that Respondents may not have human resources departments or extensive staff specifically designated for human resources issues does not mean that Respondents will be unable to properly run their Franchises and comply with the Subpoenas. Respondents chose to enter into business and employ a substantial number of employees. There are certain costs associated with doing any business, and responding to allegations by the NLRB relating to labor issues may be one of those necessary costs. Respondents have not shown that those costs are unduly burdensome. Thus, Respondents have not shown that the Subpoenas are excessively burdensome. Finally, the NLRB has shown that Respondents have failed to take available steps to reduce the burden on Respondents in responding to the Subpoenas. Based on the above, the application for an order requiring obedience to a subpoena *duces tecum* is granted in its entirety.

**CONCLUSION**

Based on the foregoing analysis, the NLRB's application for an order requiring obedience to a subpoena *duces tecum* is granted in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 20, 2016